Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
email: mcfallon@fallonlaw.net

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re

Edward Walera
Lisa Walera

    Debtors.
_____/

Case No. 09-12873

CHAPTER 11

Date: October 23, 2009
Time: 10:00 a.m.
Ctrm: 99 South E Street, Santa Rosa

MOTION TO DETERMINE VALUE OF CLAIM
SECURED BY LIEN ON PROPERTY AND FOR
ORDER AVOIDING LIEN
(Circle Bank - Second Deed of Trust)

    The debtors hereby move pursuant to FRBP Rule 3012 and 11 USC § 506 for an order determining the extent of the value of the secured claim of Circle Bank or assignor (hereinafter "Circle"), and for an order pursuant to 11 USC § 1123 avoiding the lien held by Circle. The motion respectfully represents:

**Relief Requested**

    A determination that the claim of Circle is disallowed as a
    secured claim, and for an order avoiding the Circle lien.

**The Motion**

    1.    The debtors are the owners of a single family dwelling, their investment property, described as 7596 Elphick Road, Sebastopol, CA (APN 076-012-033). The debtors are informed and believe, based upon sales of comparable properties in the neighborhood, the fair market value of the property is $540,000.

    2.    On or about April of 2007, for valuable consideration, the debtors made,

1

executed, and delivered a promissory note to World Savings & Loan. As part of the same transaction the debtors executed a deed of trust that conveyed a beneficial interest in the Elphick Road property to World Savings & Loan to secure payment of the note that was duly perfected with the recording of a deed of trust (the First Deed of Trust). The debtors are informed and believe that on the day the petition was filed the obligation to World Savings & Loan had a principal balance of $798,895.

3. On or about February of 2006 for valuable consideration the debtors made, executed, and delivered a promissory note to Circle. As part of the same transaction, the debtors executed a deed of trust that conveyed a beneficial interest in the Elphick Road property to Circle to secure payment of the note that was duly perfected on March 2, 2006, with the recording of a deed of trust, document number 2006-0025124 (the Second Deed of trust). The debtors are informed and believe that on the day the petition was filed the obligation to Circle had a principal balance of $172,692.28.

4. There is a lack of equity in the Elphick Road property in that the balance due to World Savings & Loan (the First Deed of Trust) exceeds the value of the Elphick Road property, and therefore the court should find the Circle claim (the Second Deed of Trust) to be unsecured and its lien avoidable upon completion of the debtors' Chapter 11 Plan.

WHEREFORE, the debtors pray the court disallow the claim of Circle. (the Second Deed of Trust) as a secured claim, and for an order avoiding the lien upon completion of their Chapter 11 Plan and the entry of the Chapter 11 discharge.

Dated: September 22, 2009   /s/ *Michael C. Fallon*
   _____
   Michael C. Fallon
   Attorney for Debtors