Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775

Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re                                                    Case No. 09-12873

Edward J. Walera
Lisa A. Walera                                           Chapter 11

      Debtors.
_____/

## DEBTORS' PLAN OF REORGANIZATION
**(October 26, 2009)**

      This Plan of Reorganization (hereinafter this "Plan") is proposed by Edward J. Walera and Lisa A. Walera (the "Waleras"). Through this Plan the Waleras seeks to resolve and reorganize their financial affairs. Please refer to the accompanying Disclosure Statement for a discussion of the history, assets and liabilities, and for a summary and analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.

Dated: October 26, 2009

                                           /s/ *Michael C. Fallon*
                                           _____
                                           Michael C. Fallon
                                           Attorney for the Waleras

# I
## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" shall mean those expenses described in Section 503 of the Bankruptcy Code.

"Allowed Claim" shall mean a claim (a) for which a proof of claim was timely filed with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" shall mean an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" shall mean an allowed claim that is secured by a valid lien on property of the Debtors. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" shall mean an allowed claim against the Debtors which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean the date established by the Bankruptcy Court for all creditors to file a Proof of Claim.

"California Street" shall mean 300 California Street, McCloud, California.

"Center Road" shall mean 1735 Center Road, Novato, California.

"Claim or Claims" shall mean a right to payment from the Debtors, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a proof of claim is not filed, a right which otherwise appears in the applicable schedules of the Debtor and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of this Plan.

"Confirmation" shall mean entry of an order by the Bankruptcy Court confirming this Plan.

"Debtor" or "Debtor-In-Possession" shall mean Edward and Lisa Walera

"Effective Date" shall mean the date the Order Confirming Plan becomes a Final Order.

"Elphick" shall mean 7596 Elphick, Sebastopol.

"Estate" shall mean all of the Debtors' now existing legal or equitable interests in any nonexempt tangible or intangible property, whether real or personal.

"Final Order" shall mean an order or judgment of a court of appropriate jurisdiction as to which (a) an appeal has affirmed the order, (b) an appeal of the order has been dismissed, (c) the time for appeal has expired and a notice of appeal has not been filed timely.

"Lawndale Avenue" shall mean 364 Lawndale Avenue, McCloud, California

"Lien" shall mean any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

## II
## Introduction

This Plan designates nine (9) classes of Claims, other than administrative fees and expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by this Plan and which classes are not impaired. This Plan

provides the means for its implementation by vesting the assets of the Estate in Walera on the Effective Date and providing for the payment of claims as provided in this Plan. The manner, amount, and timing of distributions to each creditor is determined by the provisions of this Plan. The provisions of the confirmed Plan bind the Debtors, and the creditors of the Debtors, whether or not they have accepted this Plan and whether or not they are impaired by this Plan. Distributions under this Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against the Debtors, except as otherwise provided in this Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against the Debtors or their property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

## III

### Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

  Class 1 - Aurora Loan Services - Center Road
  Class 2- Citibank NA - Center Road
  Class 3 - World Savings & Loan - Elphick
  Class 4 - Circle Bank - Elphick
  Class 5 - Chase Bank - Center Drive
  Class 6 - Lawrence Holmboe
  Class 7 - World Omni - 2005 Chevrolet 3500
  Class 8 - Allowed Unsecured Claims
  Class 9 - Debtors

# IV

## Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of such a claim shall be distributed on the later of the following dates:

(1) The Effective Date; or

(2) As soon as practical after the order allowing the claim becomes a Final Order, if the claim is disputed or if applicable provisions of the Bankruptcy Code otherwise require Bankruptcy Court approval.

# V

## Treatment and Provision for Each Class of Claims

Each class of Claims or interests shall be dealt with in the manner set forth below.

**Unimpaired Classes**

Class 5: Chase Bank. The obligation to Chase Bank shall be paid in full without modification of either the Promissory Note and Security Agreement or the Deed of Trust. Chase Bank shall retain its lien against Lawndale until paid in full.

Class 6: Lawrence Holmboe. The obligation to Lawrence Holmboe shall be paid in full without modification of either the Promissory Note and Security Agreement or the Deed of Trust. Lawrence Holmboe shall retain his lien against California Street until paid in full.

Class 9: The Debtors: The Debtors shall retain their interest in all of the assets.

**Impaired Classes**

Class 1 - Aurora Loan Services. The Debtors will pay Aurora in full without modifying either the Promissory Note and Security Agreement or the Deed of Trust except that the pre-petition accrued delinquency will be paid without interest in forty-eight (48) equal monthly installments commencing the first month following the Effective Date and continuing on the first day of each month thereafter until the delinquency has been paid in full. Aurora shall

retain its lien on Center Road until paid in full.

Class 2: Citibank: The Debtors will file their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request that the court determine the value of the lien held by Citibank. The Debtor contends Citibank should be paid as a general unsecured creditor because its lien has no value. The motion will further request that the court avoid the lien upon entry of discharge.

Class 3 - World Savings (Wachovia). The Debtors shall make, execute and deliver to World Savings (Wachovia) an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, Edward and Lisa Walera, promise to pay to World Savings (Wachovia), or order, at a place that may be designated by Beneficiary, the sum of Five Hundred Forty Thousand Dollars ($540,000) with interest on the unpaid principal at the rate of Four Percent (4%) per annum from January 1, 2010, payable in 480 installments of $2,257 beginning on February 1, 2010, and continuing monthly thereafter until paid in full as provided herein. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms, the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. World Savings (Wachovia) shall retain its lien on Elphick until paid in full as provided in this Plan and the modified Promissory Note and Security Agreement.

Class 4: Circle Bank: The Debtors will file their motion pursuant to FRBP Rule 3012 and 11 USC § 506 to request that the court determine the value of the lien held by Circle Bank. The Debtors contend Circle Bank should be paid as a general unsecured creditor because its lien has no value. The motion will further request that the court avoid the lien upon entry of discharge.

Class 7- World Omni. The obligation to World Omni shall be paid in full without modifying the Promissory Note and Security Agreement except that term of the loan shall be extended to include the one delinquent payment. World Omni shall retain its lien on the 2005 Chevrolet.

Class 8 - Allowed Unsecured Claims. The unsecured creditors that will include the claim of Citibank and the Circle Bank under-secured claims will share pro tanto, after the

payment of Claims of Administration, in $60,000 paid out over eighty months. The debtors shall pay $750 per month to the Allowed Unsecured Claims commencing the first day of the first month following the payment of Allowed Claims of Administration, and continue on the first day of each month thereafter until the debtors have paid $60,000, in the aggregate, to the Allowed Claims of Administration and the Allowed Unsecured Claims.

## VI

## Implementation of the Plan

**A. Vesting.**

On the Effective Date all property of the Estate shall be transferred to, and shall vest in the Debtor subject to the interests evidenced by the Security Interest and Liens preserved under the Plan and the Security Interest and Liens provided in this Plan. After the Effective Date, the Debtor may use, lease, license, transfer, sell, refinance, encumber, hypothecate, or dispose of any property. As of the Effective Date, all property vested in the Debtors shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

**B. Means of Funding the Plan**

The Debtors will fund their plan through their employment and rental income.

**C. Management.**

The Debtors will continue to manage their affairs.

**D. The Final Decree.**

The Debtors may apply for the entry of a Final Decree when they have substantially consummated this plan.

**E. The Chapter 11 Discharge.**

The Debtors may apply for the entry of their Chapter 11 Discharge following the occurrence of the following events:

1. The delivery of the addendum to the Promissory Note and Security Agreement to World Savings (Wachovia).

2. The payment of all Claims of Administration and all Priority Claims;

3. The Allowed Unsecured Claims have been paid.

## VII

## Default

The Debtors shall pay each Allowed claim as provided by this Plan, and the failure of the Debtors to pay any particular Allowed Claim within the time, or in the manner or amount provided by this Plan shall constitute a default in performance of this Plan. If the default is not cured within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7. In the event this Chapter 11 case is converted to Chapter 7 after confirmation of this Plan, all assets of the Debtors shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## VIII

## Reservation of Claims and Defenses

All claims and defenses, including objections to claims, that existed prior to confirmation, the Reserved Claims and Defenses are reserved in the Debtors. The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by the Debtors or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action. None of the Retained Claims or Defenses shall be barred or estopped because this Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

## IX

## Executory Contracts

There are no Executory Contracts to either assume or reject.

## X

## Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired leases in accordance with Article VI of this Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under this Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of this Plan;

5. The Implementation of the provisions of this Plan and the entry of orders in aid of confirmation or consummation of this Plan;

6. Modification of this Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated: October 26, 2009

/s/ *Michael C. Fallon*

_____
Michael C. Fallon
Attorney for the Waleras

Case: 09-12873    Doc# 29    Filed: 10/26/09    Entered: 10/26/09 14:21:07    Page 9 of 9

8    DEBTORS' PLAN OF REORGANIZATION